# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 1, 2021

## IN RE JAXON C.

**Appeal from the Juvenile Court for Overton County**
**No. 15-JV-34          Steven D. Qualls, Judge**

_____

**No. M2021-00537-COA-R3-JV**

_____

This is an appeal from a trial court's modification of child support. Father filed a petition to modify custody. The trial court modified the parties' parenting schedule but reserved its determination of child support for future adjudication. Subsequently, without conducting an evidentiary hearing, the trial court entered an order requesting that the parties submit their own competing proposed orders concerning child support. Ultimately, the trial court issued its final order setting child support based solely on the documents attached to Father's proposed order. Because the trial court failed to conduct an evidentiary hearing, we conclude that there was no evidence before it from which to make a ruling. Accordingly, we vacate the trial court's order and remand with instructions for it to conduct an evidentiary hearing to allow the parties to put on their proof as to child support.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and JOHN W. MCCLARTY, JJ., joined.

John B. Nisbett, Livingston, Tennessee, for the appellant, Jennie R.

Dustin A. Smith, Livingston, Tennessee, for the appellee, Michael C.

## OPINION

Jennie R. ("Mother") and Michael C. ("Father") are the parents of one minor child, Jaxon C.[1] In a February 2016 parenting plan, Mother was designated by the trial court as the child's primary residential parent. On October 5, 2018, Father filed a "Petition to

_____

[1] In cases involving a minor child, it is the policy of this Court to redact names in order to protect the child's identity.

Modify Custody." In his petition, Father alleged that his requested change in custody would warrant a child support modification. Although a court order entered on September 23, 2019, awarded each party 182.5 days of parenting time "to maximize the time for each parent as prescribed by the laws of this State," a determination of child support was reserved for future adjudication. The trial court further held that any child support modification would be based upon the child support guidelines and set out in a separate order after Father filed his taxes so that support could be accurately calculated.

Following additional discovery by the parties, on April 23, 2021, the trial court entered an order directing the attorney for each party "to submit their prayed for Order concerning child support to Judge Qualls by April 27th, 2021." Although Father subsequently submitted a proposed order *with attachments* by April 27, Mother failed to respond prior to the trial court's deadline. Thereafter, on May 12, 2021, the trial court entered its "Final Order Setting Child Support," finding, in pertinent part, as follows:

> The Court finds that [Father's] income . . . was $146,912 and that [Mother's] income . . . was $30,000. The Court further finds that per 36-5-101(E)(1)(B), that the Father's income will be imputed at $10,000 a month . . . and the child of the parties is not in need of calculation above the $10,000 per month threshold and this Court [o]rders that for calculation purposes the Father shall be calculated at $10,000 per month. In support of this[,] the Court finds the Father and Mother have equal time with the child and the child's needs are met.

Based on the record on appeal, it appears that the trial court considered only the attachments to Father's proposed order when making its ruling. Mother did not file a proposed order in accordance with the trial court's set April 27th deadline, and the court did not review the proposed order and attached documents she later submitted on May 12, 2021. Of more concern, the trial court did not conduct an evidentiary hearing to hear testimony and introduce documents into evidence prior to entry of its order.

Subsequent to the trial court's order, Mother filed her notice of appeal and a Designation of the Record on Appeal. Father subsequently filed an objection to Mother's designation. Thereafter, as directed by the Clerk of this Court, the trial court issued an "Order Regarding Appellate Record" in which it made the following findings:

> The Court finds that both parties were given a set time to submit what they felt was [sic] the appropriate child support calculations. [Father] timely filed his calculations and [Mother] did not. Therefore, the Court entered a final order on May 12, 2021.
>
> Any documents filed after the final order, including but not limited to . . . [Mother's] proposed order . . . filed after the ordered time limit, shall be

of no effect and <u>shall not</u> be part of the record.

Accordingly, Mother's proposed order submitted on May 12, 2021 is not part of the record on appeal.

## DISCUSSION

The matter before us concerns the trial court's determination regarding child support for the parties' minor child. Based on the record before us, we conclude that the trial court did not have evidence before it from which it could make a ruling. We find no indication in this record that there was an evidentiary hearing where the parties were permitted to put on proof subject to cross-examination regarding the setting of child support. Rather, as we perceive it, the trial court merely accepted Father's proposed order and the attached exhibits as the "proof" upon which it relied. Indeed, the court's final order setting child support reflects that its decision was based on "income exhibits" submitted by Father's counsel.[2] It is well-settled that "[m]erely attaching a document to a pleading does not place that document in evidence." *Pinney v. Tarpley*, 686 S.W.2d 574, 579 (Tenn. Ct. App. 1984). Indeed, this Court has previously vacated a juvenile court's judgment when it set a father's child support obligation because "[w]ithout testimonial evidence, stipulations, or properly introduced documentary evidence, there [was] no evidence from which the trial court could have made its ruling in [the] case." *Dayhoff v. Cathey*, No. W2011-02498-COA-R3-JV, 2012 WL 5378090, at *3 (Tenn. Ct. App. Nov. 1, 2012). If "there [is] neither testimonial evidence nor stipulations, the documents included in the record [are not considered] properly introduced." *State ex rel. Moody v. Roker*, No. W2019-01464-COA-R3-JV, 2021 WL 872686, at *7 (Tenn. Ct. App. Mar. 9, 2021) (quoting *Dayhoff*, 2012 WL 5378090, at *2–3).

We find no indication in this record that there was ever a hearing in which the exhibits attached to Father's proposed order were introduced into evidence, nor was there any stipulation by the parties as to these documents. The record simply suggests that the attachments were submitted and considered. As a result, we conclude, as we did in *Dayhoff*, that "there is no evidence from which the trial court could have made its ruling in this case." *Dayhoff*, 2012 WL 5378090, at *3.

Because the trial court failed to hold an evidentiary hearing, we vacate its order setting child support and remand the matter to the trial court to hold an evidentiary hearing whereby the parties may have the opportunity to present testimony and introduce evidence

---

[2] The trial court's order entered subsequent to Mother's notice of appeal also supports this understanding of the proceedings below. In its order regarding the appellate record, the trial court reiterates that "both parties were given a set time to submit what they felt was the appropriate child support calculations." It also noted that documents later submitted would not be a part of the record, clearly indicating that the court had been soliciting the parties to tender "proof" informally by way of counsel submission and not as part of an evidentiary hearing.

regarding child support. In remanding the case, we recognize that lives do not stand still during the appellate process, *see Canzoneri v. Burns*, No. M2020-01109-COA-R3-CV, 2021 WL 3399860, at *11 (Tenn. Ct. App. Aug. 4, 2021), and in holding an evidentiary hearing pursuant to our instructions herein, the court is free to consider the parties' financial circumstances up to the date of the hearing on remand.

## CONCLUSION

The trial court's final order setting child support is vacated, and the case is remanded to the trial court for an evidentiary hearing on the issue of child support.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE